Per Ceriam.
The 2 R. S. 586, 2d ed. § 27, is to some extent a declaration of the common law. In some respects it *94 may go farther; in others it probably comes short. It might not sustain this conviction—but the common law clearly does, and there is nothing in the statute to interfere with the common law rule.(a) No objection on the ground of variance can be sustained. The case is, in principle, like a conviction of manslaughter under an indictment for murder ; or of simple larceny, under an indictment for burglary or robbery. The indictment charges facts enough, and more than enough, to make out a misdemeanor; and the prosecution is never in such case holden to fail, merely because all the alleged circumstances are not proved, if such as are proved make out a crime, though of an inferior degree. This has been uniformly held by the English courts where the crime proved is of the same generic character with that charged; for instance, where the proof is of an inferior felony, and the indictment charges a higher. An exception was at one time made by those courts if the inferior crime was of a lower class, as a misdemeanor ; but that went on the ground that the prisoner lost some advantage—e. g. the privilege of being defended on the whole matter by counsel. No such reason is to be found in our criminal system. The subject was examined by this court in The People v. White, (22 Wend. 175 to 177,) where several references to the English books may be found. The court below were right; and the motion for a new trial is denied.
Rule accordingly. (b)

 See The People v. Quoteau, M. S., stated in Cowen & Hill’s Notes to Phil. Ev. 498, 9.

 See Cowen § Hill’s Notes to Phil. Ev. 497, 957, 8, and the cases there cited. Also Commonwealth v. Griffin (21 Pick. 523, 525 ;) The State v. Standifer, (5 Porter’s Rep. 523, 531 ;) The State v. Stedman, (7 id. 495 ;) Regina v. Nichols, (9 Carr. Payne, 270 ;) Regina v. Griffiths, (8 id. 374 ;) Arch. Cr. Pl. 106, et seq. ; Rosc. Cr. Ev. 74.